**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHNSIE RILEY, on behalf of herself
and all others similarly situated;
JOHN F. RILEY, on behalf of himself
and all others similarly situated;
VIRGINIA HARRINGTON, on behalf of
herself and all others similarly
situated; DEWEY HARRINGTON, on
behalf of himself and all others
similarly situated,
Plaintiffs-Appellants,

v.

DAVID H. MURDOCK; DHM HOLDING
CORPORATION; MURDOCK INVESTMENT
CORPORATION; PACIFIC HOLDING                    No. 95-2414
CORPORATION; CANNON HOLDING
CORPORATION; CABARRUS BANK &
TRUST COMPANY, Trustee,
Defendants-Appellees,

and

FIELDCREST CANNON MILLS,
INCORPORATED; CHARLES A. CANNON,
Charitable Trust Number One;
CHARLES A. CANNON, Charitable
Trust Number Two; CHARLES A.
CANNON, Charitable Trust Number
Three; CANNON FOUNDATION,
INCORPORATED; TRUST UNDER THE

WILL OF CHARLES A. CANNON;
WILLIAM C. CANNON, Estate of the
foregoing, individually and as a
trustee; GEORGE A. BATTE, JR.,
individually and as a trustee;
J. HARRIS CANNON, individually and
as a trustee; OTTO G. STOLZ,
individually and as a trustee;
HAROLD P. HORNADAY; DONALD S.
HOLT, Estate of the foregoing;
ANDREW W. ADAMS; ALBERT M.
ALLRAN; JOSEPH C. RIDENHOUR;
HUBERT J. TAME; JAMES R. JOLLY;
FIRST UNION NATIONAL BANK,
Trustee,
Defendants.

SECRETARY OF LABOR,
Amicus Curiae.

Appeal from the United States District Court
for the Eastern Distict of North Carolina, at Raleigh.
W. Earl Britt, District Court Judge.
(CA-92-442-5-BR)

Argued: April 1, 1996

Decided: April 30, 1996

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

2

**COUNSEL**

**ARGUED:** Thomas W. Henderson, Pittsburgh, Pennsylvania, for Appellants. Timothy David Hauser, Senior Trial Attorney, Office of the Solicitor, Plan Benefits Security Division, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Amicus Curiae. Rodrick John Enns, Ralph Madison Stockton, Jr., PETREE, STOCK-TON, L.L.P., Winston-Salem, North Carolina, for Appellees. **ON BRIEF:** Thomas F. Taft, TAFT, TAFT & HAIGLER, Greenville, North Carolina; Tybe A. Brett, Pittsburgh, Pennsylvania; Norman P. Stein, Tuscaloosa, Alabama; David B. Rodes, GOLDBERG, PER-SKY, JENNINGS & WHITE, P.C., Pittsburgh, Pennsylvania, for Appellants. Thomas S. Williamson, Jr., Solicitor of Labor, Marc I. Machiz, Associate Solicitor, Karen L. Handorf, Counsel for Special Litigation, Office of the Solicitor, Plan Benefits Security Division, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Amicus Curiae. Jeffrey C. Howard, William E. Wright, PETREE, STOCKTON, L.L.P., Winston-Salem, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Johnsie Riley, a class representative for former employees of Cannon Mills Corporation (Cannon), participated in Cannon's Retirement Plan (the Plan). Riley asserts that Appellees, David Murdock and affiliated entities (collectively, Murdock), violated various provisions of the Employee Retirement Income Security Act, 29 U.S.C.A. §§ 1001-1461 (West 1985 & Supp. 1995) (ERISA), arising out of the amendment and termination of the Plan. The gravamen of Riley's suit is that Murdock breached his fiduciary duties in purchasing a group annuity contract from Executive Life Insurance Company, which administered the Plan but ultimately went into conservatorship,

3

and that Murdock failed to monitor the financial integrity of Executive Life subsequent to purchasing the annuity. In a thorough, published opinion, the district court addressed all of Riley's claims and granted summary judgment in favor of Murdock regarding all claims pertinent to this appeal. See Riley v. Murdock , 890 F. Supp. 444 (E.D.N.C. 1995).

Before us, Riley advances the same arguments that proved unsuccessful in the district court. Despite the fact that Riley and her class have received every dollar of benefits to which they were entitled under the Plan, Riley appeals, specifically positing that Murdock breached his fiduciary duties in three ways: (1) he violated the exclusive purpose requirement of 29 U.S.C.A. § 1104(a)(1)(A) by purchasing the cheapest available annuity; (2) he violated the prudence requirement of 29 U.S.C.A. § 1104(a)(1)(B) because he knew or should have known that Executive Life did not or would not enjoy financial integrity and by failing to monitor Executive Life's financial health; and (3) he violated the diversification requirement of 29 U.S.C.A. § 1104(a)(1)(C) by investing in a single termination policy.

Additionally, the Department of Labor (DOL) intervened in this appeal, urging us to adopt a standard that an ERISA fiduciary must select the safest available annuity to assure payment of the benefits that a plan promises to its participants. In urging adoption of this standard, the DOL relies on its Interpretative Bulletin 95-1, see 60 Fed. Reg. 12,328, 12,330 (1995) (to be codified at 29 C.F.R. § 2509.95-1), which was published approximately three months prior to the district court's judgment and well after the events at issue.

We have carefully examined the record, the briefs, the parties' oral arguments, and the applicable law, and we affirm the grant of summary judgment in Murdock's favor based on the well-reasoned opinion of the district court. Regarding adoption of"the safest available" standard urged by the DOL, no federal court has adopted such a standard, and the circumstances of this case do not merit application of such a demanding standard.

AFFIRMED

4